UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY HARRIS, | |
| Plaintiff, | CIVIL ACTION NO. 1:15-cv-01436 |
| v. | (KANE, J.)<br>(SAPORITO, M.J.) |
| PENNSYLVANIA STATE EMPLOYEES, et al., | |
| Defendants. | |

## REPORT AND RECOMMENDATION

The plaintiff, Tammy Harris, commenced this *pro se* action with the filing of a complaint on July 24, 2015. (Doc. 1). In her complaint, she has requested an injunction directing state and city officials to keep open the National Civil War Museum located in Harrisburg, Pennsylvania, an investigation into who *owns* the museum and the artifacts on display there (she claims to be the rightful owner of the museum and its contents), and payment over to her of the approximately $2.3 billion in funds held by the Pennsylvania Treasury's Bureau of Unclaimed Property (to which she also claims ownership). On June 21, 2016, Harris was granted leave to proceed *in forma pauperis* in this action. (Doc. 75).

On March 4, 2016, Harris filed a motion requesting an investigation

into the administration of child support payments she made pursuant to an order by the Mahoning County (Ohio) Juvenile Justice Court. (Doc. 52). We have liberally construed this submission as a motion for preliminary injunctive relief. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a federal court's obligation to liberally construe the filings of *pro se* litigants).

Harris has filed scores of other documents as well, mostly addressing a variety of topics unrelated to her original claims,[1] and typically written in the format of a letter or an informal note. Some of these submissions include documentary exhibits—deeds to real estate (typically ones where one or more parties to the transaction is named "Harris"), newspaper and magazine articles, internet printouts—proffered in support of Harris's claims to ownership of the museum, the unclaimed property fund, and various other properties.[2] We have declined to construe these many

---

[1] For example, her submissions discuss mosquitos and the West Nile virus, CIA and military operations, a claim that she is the rightful heir to the Mellon fortune, and more than one submission suggesting that the appearance of the number "666" in both her credit card security code and the digits of her birth date is somehow significant.

[2] In her post-complaint filings, Harris has laid claim to various buildings and companies in the Harrisburg area, including several hotels where she has sought free lodging by virtue of her status as an owner.

submissions as motions to amend or supplement the complaint, as each is incomplete[3] and the claims asserted therein are patently frivolous—and thus futile[4]—and typically unrelated to the original complaint in any meaningful way.[5]

For the reasons set forth below, we recommend that the motion for preliminary injunctive relief be denied and the action be dismissed in its entirety as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I. BACKGROUND

In her *pro se* complaint, Harris has named unspecified Pennsylvania state employees, unspecified City of Harrisburg employees, Harrisburg Mayor Eric Papenfuse, and "all other affiliated parties" as defendants. By virtue of her family genealogy, Harris claims to be the rightful owner of the land and building that house the National Civil War Museum, as well as the artifacts held in the museum's collection. For reasons that are even

---

[3] The local civil rules require that a motion for leave to file an amended complaint must be accompanied by a copy of the *complete* proposed amended complaint, *including all exhibits*. L.R. 15.1(a).

[4] *See generally In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (holding that futility is proper justification for denying leave to amend).

[5] *See generally Nottingham v. Peoria*, 709 F. Supp. 542, 544 (M.D. Pa. 1988) ("[A] court may deny leave to file a supplemental pleading where that pleading relates only indirectly, if at all, to the original complaint").

less clear, she also appears to claim ownership of the $2.3 billion unclaimed property fund held by the Pennsylvania Treasury. She has requested a federal court order directing state and city officials to keep the museum open and adequately fund its budget, declaring that she is the rightful owner of the museum and its collection of artifacts, and directing state treasury officials to pay over to her the $2.3 billion unclaimed property fund, to which she claims ownership.

## II.  MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Harris has moved for preliminary injunctive relief in the form of an investigation into the administration of child support payments she made pursuant to an order by the Mahoning County (Ohio) Juvenile Justice Court.

As the Third Circuit has held, "there must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Ball v. Famiglio*, 396 Fed. App'x 836, 837 (3d Cir. 2010) (per curiam) (internal quotation marks omitted). Thus, "a court may not grant an injunction when the issues raised in the motion are entirely different from those raised in the complaint." *Jones v. Taylor*, No. 3:12cv487, 2013 WL 1899852, at *2 (M.D. Pa. May 7, 2013) (citing *De Beers Consol. Mines*

*v. United States*, 325 U.S. 212, 220–23 (1945)); *see also Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.") (citing *De Beers*, 325 U.S. at 220); *Dopp v. Jones*, No. CIV-12-703-HE, 2012 WL 7192503, at *1 (W.D. Okla. Sept. 19, 2012) ("A preliminary injunction involves intermediate relief of the same character as that which may be finally granted.") (citing *De Beers*, 325 U.S. at 220) (footnote omitted).

Here, the complaint alleges that Harris is the rightful owner of the National Civil War Museum and its collection, as well as the $2.3 billion state unclaimed property fund. The named defendants include employees of the Commonwealth of Pennsylvania and of the City of Harrisburg. The plaintiff's motion, on the other hand, concerns child support payments pursuant to an Ohio state domestic relations court order and administered by an Ohio county child support enforcement agency. The preliminary injunctive relief requested in the motion is entirely unrelated to the conduct alleged in the complaint.

Moreover, the requested injunctive relief is solely concerned with

Ohio agencies or officials who are not parties to this litigation. As the Third Circuit has recognized, "[a] non-party cannot be bound by the terms of an injunction unless the non-party is found to be acting 'in active concert or participation' with the party against whom injunctive relief is sought." *Elliott v. Kiesewetter*, 98 F.3d 47, 56 n.5 (3d Cir. 1996); *see also* Fed. R. Civ. P. 65(d)(2); *Scott v. Donald*, 165 U.S. 107, 117 (1897) ("The decree is also objectionable because it enjoins persons not parties to the suit."). Harris has made no showing whatsoever that these non-party Ohio agencies or officials were acting "in active concert or participation" with Pennsylvania and Harrisburg officials who are named defendants in this action.

Ultimately, "the court does not have jurisdiction over the claims raised by [Harris] in [her] motion for an injunction because those matters are not part of this action." *Jones*, 2013 WL 1899852, at *2.

Accordingly, the plaintiff's motion for preliminary injunctive relief (Doc. 52) should be denied.

### III. SECTION 1915(E)(2) DISMISSAL

Under 28 U.S.C. § 1915(e)(2), an *in forma pauperis* action may be dismissed *sua sponte* as frivolous or malicious, for failure to state a claim,

or for seeking monetary relief against an immune defendant "at any time," before or after service of process. *See* 28 U.S.C. § 1915(e)(2); *Walker v. Sec. Office of SCI Coal Twp.*, Civil No. 3:CV-08-1573, 2010 WL 1177338, at *4 (M.D. Pa. Mar. 25, 2010). This statute requires the Court to dismiss an *in forma pauperis* action if it is "frivolous." *See* 28 U.S.C. § 1915(e)(2)(B)(i). An action is "frivolous where it lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Thomas v. Barker*, 371 F. Supp. 2d 636, 639 (M.D. Pa. 2005). To determine whether it is frivolous, a court must assess a complaint "from an objective standpoint in order to determine whether the claim is based on an indisputably meritless legal theory or clearly baseless factual contention." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)); *Thomas*, 371 F. Supp. 2d at 639. Factual allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional." *See Denton*, 504 U.S. at 32–33. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. A district court is further permitted, in its sound discretion, to dismiss a claim "if it

determines that the claim is of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch*, 67 F.3d at 1089.

Harris's claims in this action rest upon clearly baseless factual contentions. Her complaint is rife with "fanciful," "fantastic," and "delusional" factual allegations. *See Denton*, 504 U.S. at 32–33. Harris appears to allege that the instruments conveying ownership of the land upon which the National Civil War Museum is situated from Ben Harris, Joseph Harris, and Frances Harris to the City of Harrisburg are defective or fraudulent. Based on her shared surname of "Harris," the plaintiff claims that she is rightful owner of the museum building and grounds, as well as the museum's contents. She has further alleged that she is entitled to receive the full $2.3 billion balance of the Pennsylvania Treasury's unclaimed property fund because those funds belong to her, for reasons the complaint does not make clear.

The facts alleged by Harris in support of her claims are indisputably irrational and wholly incredible, and thus this action should be dismissed as factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that:

1. The plaintiff's motion for preliminary injunctive relief (Doc. 52) be **DENIED**;

2. The complaint be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and

3. The Clerk be directed to **CLOSE** this case.

Dated: January 12, 2017         *s/ Joseph F. Saporito, Jr.*
                                JOSEPH F. SAPORITO, JR.
                                United States Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>PENNSYLVANIA STATE EMPLOYEES, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 1:15-cv-01436<br><br>(KANE, J.)<br>(SAPORITO, M.J.) |

## **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated January 12, 2017. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: January 12, 2017             **_s/ Joseph F. Saporito, Jr._**
                                     JOSEPH F. SAPORITO, JR.
                                     United States Magistrate Judge